A. B. KEARSON, alias BOX KEARSON, and JOE BROWN, alias WILLIE BROWN, v. STATE OF FLORIDA.

166 So. 832.
Division A.
Opinion Filed March 25, 1936.

*Davis & Davis,* for Plaintiffs in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant for the State.

PER CURIAM.—A. B. Kearson, alias Box Kearson, and Joe Brown, alias Willie Brown, were indicted by the grand jury in and for Madison County, the indictment being in two counts. The first count charged defendants with unlawfully breaking and entering a club house, the property of Harold

H. Weeks, with the intent then and there to commit a felony, to-wit, grand larceny. The second count charged that defendants did "unlawfully take, steal and carry away with intent then and there to convert the same to their own use, the following described personal property, to-wit: 600 gun shells of the value of $9.00 and one leather shell bag of the value of $10.00 and one canvas shell bag of the value of $10.00 and two Purdy, double-barrel shot guns of the value of $1,800.00 of the property, goods and chattels of Dr. John Victor."

Defendants, on April 12, 1935, were arraigned and pleaded "not guilty"; and were afterwards tried on the same date.

Neither defendant testified in the case. The evidence as produced by the State showed that the club house described in the indictment was broken into on the night alleged, and two shot guns belonging to Dr. Victor, together with about 500 shot gun shells and two gun shell bags were stolen.

Two witnesses, Willie Bell and Sonny Boy Bell, testified in effect that on the night when the alleged breaking and entering took place, they saw the defendants with two new looking, double-barrel guns, and two sacks like children use in which to carry their school books. Only Sonny Boy Bell testified that the bags contained shot gun shells.

Deputy Sheriff Welch testified that the breaking and entering took place on Saturday night; and that he recovered the property about two or two-thirty o'clock the following Monday night. After a report of its location had been made to him, he found, as reported, the sack lying under an oak tree, between Joe Brown's house and the club house. He thereupon took charge of the property, brought it back, and upon opening it up, found what he had been told was missing. The guns had been taken loose, and the stock and barrel shoved down in the sack.

Witnesses Waring and Welch were permitted to testify, over objections of defense counsel, as to a confession made by defendant Kearson, which implicated defendant Brown. The court, however, instructed the jury that they could not consider that confession as evidence against defendant Brown.

At the close of the testimony, defendant Brown made a motion that the court grant a directed verdict in his favor, which motion was denied by the court.

After argument of counsel and instructions of the court were heard, the jury returned a verdict of guilty on the second count as to both defendants.

Motion for new trial was made and denied.

The court, on April 17, 1935, adjudged each of the defendants guilty of grand larceny, and sentenced each of them to two years imprisonment at hard labor in the State Prison.

From the judgment of conviction and sentence, defendants took writ of error.

The first question is whether the evidence was sufficient to support the verdict as against defendant Brown.

Under this question, the first point to determine is whether the property the two defendants were seen with on the night of the breaking and entering was the same as the property that was stolen, and which was later found near an oak tree between Joe Brown's house and the club house. This property answered the same general description as the property wrongfully taken; and there is no inference that it was not the same. The identity of stolen property may be determined by the jury from circumstantial evidence. See McDonald v. State, 56 Fla. 74, 47 So. 485; Thompson v. State, 58 Fla. 106, 50 So. 507.

If the jury believed this property to be the same as that

which was stolen, the next point to determine is whether the jury was justified in finding the defendant Brown guilty of larceny, under the circumstances. A verdict of guilty of larceny may be found from unexplained possession of goods recently stolen. See McDonald v. State, 56 Fla. 74, 47 So. 485; Kirkland v. State, 82 Fla. 118, 89 So. 356; Capello v. State, 82 Fla. 313, 90 So. 191; Tucker v. State, 86 Fla. 36, 96 So. 10. There was no explanation made as to the possession of this property by defendants, and the jury was warranted in finding defendant Brown guilty, provided they believed that the identity of the property defendants were seen with on the night of the breaking and entering was the same as that of the property stolen.

The second contention is that the proof of value of the stolen property was insufficient. The value of the shells was not proven, but the value of the bags was proven to be about $10.00 each. Witness Henderson testified as follows as to the value of the two guns which were stolen:

"Q. Do you know, of your own knowledge, their value? A. Yes, sir, I know that they range from $500.00 to $2,000.00 apiece.

"Q. Upon what do you base that knowledge? A. I have seen them listed in the catalogues, and the prices of them. And I have heard the prices talked about.

"Q. Have you ever seen this particular gun listed in a catalogue? A. Yes, sir, I have seen the double-barrel, hammerless Purdy guns listed.

"Q. And within your knowledge, you do not know whether they were worth $1,800.00 or not? A. Only what he told me."

Though the jury might not have believed, from this testimony, that the guns which were stolen were woth $1,800.00,

because the witness was testifying from what he had been told and not from what he knew, yet the uncontradicted testimony of this witness that he knew of his own knowledge that Purdy guns sold for $500.00 and up and that the stolen guns were Purdy guns, was sufficient proof of value to constitute grand larceny under our statute, since the property stolen was proved to be worth more than $50.00. See Sec. 7223 C. G. L.

The third question is whether there was a sufficient showing of non-consent on the part of the owner as to the taking of this property.

In a trial for larceny, the non-consent of the owner must be proved and it cannot be presumed from the taking. If the absence of the owner is satisfactorily accounted for, his non-consent may be proved by circumstantial evidence, provided the circumstances are such as to exclude every reasonable presumption that the owner consented. Albritton v. State, 61 Fla. 684, 88 So. 623.

The owner of this property resided in New York and was in that state when the property was stolen, and also when the trial took place. The absence of the owner was thus satisfactorily explained. From the circumstances of the breaking and entering in order to get the property that was taken, and the non-consent of Mr. Henderson, who was in charge of the property when the owner was not in this State, the jury could reasonably infer the non-consent of the owner.

The fourth question is whether the confession of defendant Kearson shold have been admitted in evidence.

After the arrest of defendant Kearson, he was placed in the automobile of Mr. Henderson, the keeper of the club house, and accompanied by Mr. Henderson, Deputy Sheriff

Welch, Sheriff Morrow and Chief of Police Waring. The car was driven across the tracks of the Georgia & Florida Railroad, and was stopped near the depot, in the middle of the street, the time being about two o'clock in the afternoon. Defendant Kearson was sitting between two officers in the back seat and, according to the testimony, was probably handcuffed. The men were fully armed. They told Kearson that they had recovered the goods, and that he might as well tell the truth about it. Kearson thereupon told them the following as testified to by Witness Waring:

"And he said that Brown came to him, they were down at a negro's house where they were having a festival, and that Brown wanted him to go with him to this club house, and they went and broke in at the back door, and went through upstairs into a room and got two guns, some shells and two quarts of whiskey. He said that he did not break in, but Joe did and got the things, but that he helped to carry them off."

Statements of an accused while in the custody of an officer are admissible in evidence though they are incriminating if such statements were voluntarily made. It is not necessary in such case for the officer to warn the accused that what he may say can be used against him. Phillips v. State, 88 Fla. 117, 101 So. 204.

The fifth question raised is whether the trial court erred in denying, at the close of the testimony, defendants' motion to require the State to elect as to whether it would rely upon the first or second count of the indictment for conviction. The first count charged defendants with breaking and entering a certain building with the intent to commit grand larceny therein; and the second count charged them with grand larceny.

Where two counts of an indictment relate to the same transaction and the two counts are properly joined, it is not error to deny a motion to require the State to elect between the counts. Presley v. State, 61 Fla. 46, 54 So. 367. The two counts of the indictment in this case related to the same transaction, and the court properly overruled the defendants' motion to have the State elect upon which count it would proceed.

No errors of law or procedure having been made to appear, the judgment below is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.