McNATT, JOPIN M., Associate Judge.
The appellant was convicted of grand larceny and sentenced to a five-year term in the State Prison. He seeks reversal of his conviction and a new trial asserting that (1) Admissions used against him were' not freely and voluntarily made so as to be admissible in evidence; and (2) The Court erred in having the bailiff (in the absence of the appellant and his counsel from the court room) request the jury to “hold their voices down.”
About 9 A.M., April 21, 1962, appellant and one Freeman were observed by the manager in a store in Fort Pierce. Subsequently, the store manager went to a local bank and obtained $370.00 in one dollar bills and coins for use as change. Two sacks containing the money were placed in the front seat of his automobile. He drove to a filling station for gas and saw the appellant there. After going into the filling station and completing his business, the store manager started to drive away and discovered that the money was missing.
Some two hours after the appellant and Freeman had been seen in the store, a state highway patrolman stopped an automobile on U. S. Highway Number 1 because it had a blinking signal and rags wrapped around a tail light. The automobile was occupied by the appellant and Freeman, and while talking with them the officer discovered a large roll of bills and a sack which contained rolled coins in the automobile. He then told the two men that they were under arrest, went to his car to call for help, and the appellant ran. At first, it appeared that *842 Freeman would stand as ordered while the officer completed his call for help, but he also ran and was shot in the leg.
The appellant was captured on hot pursuit by the same officer that had arrested him, and a roll of bills was found on him. He was handcuffed and turned over to a deputy sheriff, who took him to the Martin County jail in Stuart. During the short trip to jail, the deputy asked appellant if he knew anything about a robbery and he said “No, I don’t.” He then asked him where the money (which was found by the arresting officer in the automobile) came from and appellant said “I took it out of an automobile, but I didn’t rob anybody.” Between noon and 1 P.M., the appellant was further questioned by and in the presence of several officers at the Martin County jail, and stated that he had taken the money from a car which was parked in a filling station at Fort Pierce. Two newspaper men were present during the interrogation at the jail.
The testimony shows that the admissions of the appellant were calmly, freely and voluntarily made. Although appellant testified that he was “scared,” he did not claim that any inducement was offered to him, or that any compulsion was exerted or other illegal influence used upon him. Consequently, the reception of testimony as to the admissions was proper. Brooks v. State, Fla., 117 So.2d 482. The facts that a prisoner is handcuffed, that he is not warned that his statements may be used against him, and that the officers present are armed do not require rejection of admissions shown to have been freely and voluntarily made. Kearson v. State, 123 Fla. 324, 166 So. 832; Cullaro v. State, Fla. App., 97 So.2d 40.
The second proposition urged by appellant is without substance. After the jury in appellant’s case had retired to the jury room, the Court proceeded with the selection of a jury in another case. The jury box was some three to four feet from the door to the room in which the jury in appellant’s case was deliberating. Because voices could be heard (though not understood) through the door, the bailiff, upon instruction of the trial judge, knocked on the door, opened it and requested the jury “to hold their voices down.” There was no impropriety or error in this procedure.
The judgment is affirmed.
SMITH, C. J., and SHANNON, J., concur.