PER CURIAM.
Willie James Morgan, defendant below, appeals from the judgment and sentence entered finding him guilty of larceny of automobile following a non-jury trial. At the close of the State’s case, the appellant moved for a directed verdict of acquittal, and renewed his motion for a directed verdict thereafter. The motions were denied, and he was sentenced to serve five years in the State Penitentiary.
The facts, generally, are that sometime between February 18, 1965, and February 23, 1965, a 1961 brown, 4-door Chevrolet belonging to Marian Streifert was discovered *796 missing from the Miami Typesetting Company, Miami, Florida. The record does not disclose when Officer Robert Boyd of the City of Miami Police Department stopped the defendant, who was driving an automobile in the vicinity of Northwest 3rd Court and 2nd Terrace in the City of Miami, to check * * * “a reported stolen car, similar to the one I was looking for, * * * ” While Officer Boyd checked the car the driver identified as the defendant fled. At the City of Miami Car Pound a car was checked by Officer T. A. Rice and was found to have the same serial number as the car reported stolen from Marian Streifert.
The defendant contends that the State failed to establish a prima facie case of larceny of an automobile as charged in the information because there is no identity as to time the defendant was stopped with an automobile, nor was there any competent evidence that the car identified as stolen was the same car in possession of the defendant.
A careful review of the transcript shows that there is no evidence as to the description or identity of the car which the defendant possessed and was stopped by Officer Boyd, nor is there any testimony at the aforesaid time that the described car had been stolen. The record failed to show that the car identified by Officer T. A. Rice and Marian Streifert as stolen was the same car found in the possession of the defendant.
The burden was on the State to prove every essential element of the crime charged (Larceny) beyond a reasonable doubt.
The evidence of identity of the automobile, which was found in the possession of the accused, is not connected by competent evidence to the identity of the stolen automobile or that defendant was in possession of a stolen car, and, we think, legally insufficient to support a judgment and sentence. See Smith v. State, 1939, 139 Fla. 558, 190 So. 696.
For these reasons, the judgment and con'-viction of the defendant, Willie James Morgan, for larceny of automobile is reversed and the defendant discharged from-this cause.
It is so ordered.