PER CURIAM.
The appellant was informed against for the larceny of:
“ * * * one certain motorcycle which is propelled by gasoline or kerosene, to-wit: 1965 HONDA MOTORCYCLE, a further and more particular description of said motorcycle being to the State Attorney unknown, the property of one BILLIE ANDERSON, which property was in the lawful custody, care or control of one RONNIE ANDERSON, as custodian. * * * ”
He was found guilty after a non-jury trial and was placed on probation for a period of two and one-half years. He now appeals his conviction.
The main thrust of appellant’s argument is that the State failed to meet the burden of proof in that there was no evidence admitted which identified the motorcycle found in his possession as the motorcycle described in the information. We have examined the record and find that appellant is correct and that there is no such testimony. It is conceded that appellant’s conviction, if it is sustained, must stand upon the unexplained possession of recently stolen property. See Kearson v. State, 123 Fla. 324, 166 So. 832 (1936).
The evidence here is simply that a motorcycle was found in appellant’s possession and that a 1965 Honda motorcycle was stolen at a certain time and place. The victim of the theft identified a motorcycle in Opa Locka as the one that was stolen from him, but the State completely failed to show that the motorcycle identified at Opa Locka was the one found in appellant’s possession. See Smith v. State, 139 Fla. 558, 190 So. 696 (1939); Morgan v. State, Fla.App.1966, 186 So.2d 795.
It being apparent that the State has failed to prove a prima facie case, the Court erred in failing to direct a verdict for the defendant. The judgment is therefore reversed.
Reversed.