MILLS, Judge.
S.P.L., a child, appeals from an adjudication of delinquency for grand theft on the ground that the trial court erred in failing to grant his motion for judgment of acquittal. We agree and reverse, with directions that appellant be discharged.
On the evening of 18 August 1986, Chris Frederickson parked his black 1985 Trak-brand moped in the basement of his apartment building. At approximately 1:00 A.M. on 19 August, a police officer patrolling in the general vicinity of Frederickson’s residence saw S.P.L. with a moped, attempting *1154 to start it. The officer stopped S.P.L. and saw that the moped, which he did not describe by color or brand, had a damaged ignition, a missing tag and a partially removed serial number. The officer testified that he turned the moped over to an unidentified individual for impoundment and knew nothing of what happened to it thereafter. In fact, there was no testimony of what happened to the moped which had been in S.P.L.’s possession after the officer relinquished it.
About one month after his moped was taken, Frederickson received a call from the police that they had a moped which might be his. Frederickson reported to the DeLoach impoundment lot and identified the moped as his. He did not describe the moped he was shown except to say that it had a broken ignition and that the gas tank had been raised, an alteration not noted on the moped found in S.P.L.’s possession.
In November 1986, a petition for delinquency was filed against S.P.L., alleging the theft of Frederickson’s moped contrary to Section 812.014, Florida Statutes (1985). At the January 1987 bench trial, the state presented the testimony of Frederickson and the arresting officer to the effect described above, then rested. S.P.L.’s counsel then moved for judgment of acquittal on the ground that the state had failed to prove that the moped found in S.P.L.’s possession was the one belonging to Fred-erickson. The defense further argued that, despite the principle that a verdict of guilty of larceny may be found from the unexplained possession of goods recently stolen, S.P.L.’s explanation that he found the moped in some woods was reasonable. The court denied the motion on both grounds. S.P.L. was thereafter adjudicated delinquent.
No evidence was presented showing that S.P.L. was seen taking the moped with which he was discovered. Therefore, his conviction rests in part on the rule that a defendant may be found guilty of larceny based on the unexplained possession of goods recently stolen. N.C. v. State, 478 So.2d 1142 (Fla. 1st DCA 1985). In moving for a judgment of acquittal, a defendant admits all facts adduced and every conclusion favorable to the adverse party that might fairly and reasonably be inferred from the evidence. Love v. State, 450 So.2d 298 (Fla. 1st DCA 1984). Here, the condition of the moped with which S.P.L. was found — broken ignition, missing license tag, partially removed serial number — and the time at which he was found with it, support the inference that it was recently stolen. Further, the trial judge could, and here reasonably did, disbelieve S.P.L.’s explanation that he had “found the moped in the woods.” See N.C., supra.
However, before the aforementioned inference becomes significant, the evidence must be sufficient to show that the property found in defendant’s possession was the same property identified by the victim as stolen. Kearson v. State, 123 Fla. 324, 166 So. 832, 833 (1936); L.A. v. State, 369 So.2d 677 (Fla. 3d DCA 1979). The absence of evidence to connect identified property with property found in the defendant’s possession has been held sufficient to support a motion for judgment of acquittal. See E.W. v. State, 379 So.2d 1028 (Fla. 1st DCA 1980); Coyle v. State, 493 So.2d 550 (Fla. 4th DCA 1986).
While the identity of property may be shown by circumstantial evidence, Kearson, in the instant case the evidence shows only that a black 1985 Trak-brand moped disappeared from Frederickson’s apartment building on 18 August 1986. In the early morning hours of 19 August, S.P.L. was discovered with a moped, not described as to model, year or color, with a broken ignition, missing tag and partially removed serial number. The moped was relinquished to an unknown person for impoundment in an unknown location. One month after his moped disappeared, Frederickson identified a moped in a police impoundment lot as his; the only distinguishing feature was described as a broken ignition. Frederickson also mentioned that the gas tank had been raised, an alteration not noted by the officer who stopped S.P.L.
In our view, this evidence is insufficient to establish the required connection between the moped discovered in S.P.L.’s possession and the moped described in the *1155 information and later identified by Freder-ickson. The order appealed is therefore reversed, with directions to discharge the appellant.
JOANOS and BARFIELD, JJ., concur.