PER CURIAM.
The juvenile, C.O., was charged by a petition for delinquency with burglary of a conveyance and grand theft. After the hearing, C.O. was adjudicated delinquent and placed in a community control program. C.O. appeals. The State properly conceded error. We reverse.
The State alleged in the petition for delinquency that C.O. burglarized and stole a car owned by Carolyn Dixon. Ms. Dixon testified that she owned a white, 1985 Toyota Camry; that the car was stolen on the evening of January 14, 1989 from the parking lot at the 163rd Street Shopping Center; and that when she recovered the car from the towing service the back seats were pulled out and the ignition was torn, leaving wires exposed. She did not testify as to where the car had been recovered. The car’s registration certificate was marked for I.D., but not admitted into evidence.
Daniel August, a witness, testified that on the evening of January 15, 1989, he saw C.O. driving a white, four-door car in front of August’s home, located at 7742 N.W. 5th Court. When asked if the inside of the car was clean and in good condition, August responded “Okay”.
City of Miami police officer, Leslie Dol-man, responded to 7743 N.W. 5th Court, on the evening of January 15,1989, to a report of a car drag racing. Officer Dolman testified, that after a conversation with Mr. August, C.O. was placed under arrest. Officer Dolman advised C.O. of his Miranda rights and testified that C.O. said, “I didn’t steal the car. I was driving it to get it out of the street.” State rested. Defense counsel moved for an adjudication of non-delinquency, on the grounds that the State failed to present a prima facie case that the car which C.O. was found in was the same car stolen from Ms. Dixon. We agree.
There is no evidence establishing that the white 1985 Toyota Camry stolen from Ms. Dixon at the 163rd Street shopping center on January 14th was the same vehicle as the white, four door car which Mr. August observed C.O. driving at 7742 N.W. 5th Court on January 15th. See C.B. v. State, 519 So.2d 686 (Fla. 3d DCA 1988); J.G. v. State, 539 So.2d 39 (Fla. 3d DCA 1988).
Reversed.