PER CURIAM.
J.E.P. submits that the trial court erred in denying his motions for judgment of acquittal and in adjudicating him delinquent for burglary and theft of a van and for criminal mischief. We agree.
There is insufficient evidence to establish that the van J.E.P. was attempting to jump-start was the same van charged in the information, see S.P.L. v. State, 512 So.2d 1153 (Fla. 1st DCA 1987), and identified by the victim as having been stolen and damaged. See J. G. v. State, 539 So.2d 39 (Fla. 3d DCA 1989); see also Coyle v. State, 493 So.2d 550 (Fla. 4th DCA 1986) (defendant was entitled to judgment of acquittal where record revealed insufficient evidence that car in defendant’s possession was same as car stolen from another); Carson v. State, 205 So.2d 340 (Fla. 3d DCA 1967); Morgan v. State, 186 So.2d 795 (Fla. 3d DCA 1966).
J.E.P.’s adjudication of delinquency for burglary, theft, and criminal mischief are therefore reversed with directions to discharge him.