POLEN, Judge.
Appellant was charged by petition for adjudication of delinquency with burglary and possession of stolen property. The trial court adjudicated him delinquent on both charges and appellant was committed to H.R.S. We reverse.
The victim testified that when she returned home from work she found her home had been ransacked and several items had been taken, including a VCR, a stereo, two tapes, and a Seiko watch with a gold band. Officer Durkis responded to the victim’s call and was told by witnesses that juveniles had exited the victim’s home and ran through a wooded area directly behind the home. He examined the wooded area and saw footprints leading in a north to northwest direction. He sent out a BOLO containing descriptions for two males, approximately fifteen or sixteen years old, very tall, one wearing a red shirt *898 and black pants, and the other wearing a grey shirt and black pants.
Officer Whitfield was patrolling in a plain clothes unit when he heard the BOLO. Rather than traveling to the northwest corner of the property, he drove to the northeast corner, and observed three males running from a field to a parking lot, two of whom fit the BOLO descriptions. Whitfield testified that appellant did not fit the BOLO descriptions. The boys began walking as they approached the road, and as Officer Whitfield approached them, the two boys matching the BOLO ran away from him, while appellant stopped. A pat-down search of appellant revealed a gold Seiko watch in a plastic bag inside appellant’s pocket.
Appellant was driven to the victim’s home and Officer Durkis testified that a witness, standing approximately thirty to thirty-five feet from appellant, identified him as one of the boys who had fled from the home. This testimony was contradicted with the introduction of the witness’s deposition in which she stated that appellant was brought to her in handcuffs and she told the officer that she had never seen him before.
Appellant testified on his own behalf. He said that on the day in question, he was helping a friend look for a watch in a field. Appellant found the watch in a plastic bag and his friend asked him to keep the watch for him. Appellant thought the watch was to be a gift for his friend’s girlfriend.
Appellant argues that the evidence against him was insufficient. Specifically, he argues that Officer Whitfield testified he did not fit the BOLO, the witness’s deposition indicated that she did not identify him at the scene, and most importantly, there was no evidence linking the watch found in his pocket with the watch taken from the victim’s home. The state did not ask the victim to identify the watch during the trial.
The above factors, together with the state’s failure to establish that the gold Seiko watch in a plastic bag found in appellant’s pocket was the same Seiko watch with gold band that was taken from the victim’s home, was fatal to the state’s case. Wagner v. State, 421 So.2d 826 (Fla. 1st DCA 1982); C.O. v. State, 557 So.2d 637 (Fla. 3d DCA 1990).
REVERSED.
DOWNEY and STONE, JJ., concur.