CONFESSION OF ERROR

PER CURIAM.
Appellant, T.E., a juvenile, appeals an adjudication of delinquency for trespass to a conveyance. We reverse.
The state correctly concedes that the trial court erred in permitting a police officer to comment on T.E.’s right to remain silent where the comment violated his privilege against self-incrimination. See Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); State v. Boatman, 329 So.2d 309 (Fla.1976); J.D. v. State, 553 So.2d 1317 (Fla. 3d DCA 1989). The trier-of-fact’s consideration of the improper comment on silence is reversible error unless the state proves beyond a reasonable doubt that this constitutional error did not contribute to the finding of guilt. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Because the evidence presented by the state was far less than conclusive, the comment on T.E.’s silence was not harmless and therefore requires reversal. See DiGuilio, 491 So.2d at 1138.
Accordingly, we reverse T.E.’s adjudication for trespass to a conveyance. See J.E.P. v. State, 561 So.2d 10 (Fla. 3d DCA 1990); C.B. v. State, 519 So.2d 686 (Fla. 3d DCA 1988); S.P.L. v. State, 512 So.2d 1153 (Fla. 1st DCA 1987).
Reversed.