717 So.2d 611 (1998)
David ROSSI, Appellant,
v.
STATE of Florida, Appellee.
Nos. 97-2821, 97-2843.
District Court of Appeal of Florida, Fourth District.
September 16, 1998.
Michael R. Hanrahan of Michael R. Hanrahan, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We sua sponte consolidate these appeals. As to the substantive offense in case number 97-2821, we reverse and direct that Appellant be discharged on remand. The record reflects that there simply was no evidence tying the vehicle found in Appellant's possession to the vehicle that was stolen from the victim, other than each being a green Buick. To convict Appellant of grand theft of a motor vehicle, the state was required to present evidence that the vehicle in Appellant's possession was the vehicle identified by the victim as stolen. See Coyle v. State, 493 So.2d 550, 551 (Fla. 4th DCA 1986); Foster v. State, 557 So.2d 634, 636 (Fla. 3d DCA 1990); J.E.P. v. State, 561 So.2d 10, 11 (Fla. 3d DCA *612 1990); C.O. v. State, 557 So.2d 637, 638 (Fla. 3d DCA 1990).
In case number 97-2843, the trial court revoked Appellant's probation based, in part, on his conviction of grand theft. In light of the reversal on the substantive offense, we reverse and remand for reconsideration of Appellant's revocation of probation and sentence. On remand, the trial court may still decide to revoke Appellant's probation based on evidence of his "technical" violations.
STONE, C.J., TAYLOR, J., and GLICKSTEIN, HUGH S., Senior Judge, concur.