GREEN, Judge.
The appellant, D.R.H., challenges the bench trial order which adjudicated him guilty of attempting to burglarize a motor vehicle. D.R.H. raises two points on appeal, one of which is determinative. Appellant contends that the trial court erred in denying his motion for judgment of acquittal. We agree and reverse.
Mr. Mitchell Powell testified that on May 22, 1998, he owned a 1998 Toyota Camry automobile and that someone had tried “to get into the vehicle.” He did not state where his Camry was located, although he gave his residence address as 2803 West Shgh Avenue. There was also testimony by Mr. Eric Littlejohn, who was a neighbor of Mr. Powell, that on May 22, 1998, he had observed two white men, ages thirty-five to forty and about 5T1” or 6’, in the apartment parking lot “messing with” an automobile which belonged to Mr. Powell’s wife. He did not identify the automobile. He eliminated D.R.H. as being either of the culprits.
Deputy Miniet of the Hillsborough County Sheriffs Office testified that on May 22, 1998, D.R.H. was in custody on an unrelated arrest. D.R.H. pointed to a vehicle located in an apartment complex at the intersection of Sligh and Habana and said, “that’s the one we tried to get into. But we failed and tried both sides of the vehicle to get into it.” Deputy Miniet was not sure but he thought the vehicle was a maroon Toyota Camry. The officer also stated he saw the owner at the scene but did not identify him except as a black male.
*380 There was no physical evidence linking D.R.H. to the attempted burglary, and there was no direct evidence which connected Mr. Powell’s Camry with the Camry pointed out by D.R.H. to Deputy Miniet. Defense counsel moved for a judgment of acquittal based on this deficiency before the evidentiary portion of the trial was completed. Simply stated, there was no effort by the state to establish beyond a reasonable doubt that the vehicle belonging to Mr. Powell was'the same vehicle which D.R.H. admitted attempting to burglarize. See Foster v. State, 557 So.2d 634 (Fla. 3d DCA 1990). We are therefore compelled to reverse based upon the insufficiency of the evidence. Reversed.
PARKER, A.C.J., and FULMER, J., Concur.