887 So.2d 415 (2004)
Kenneth Ray GOAD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5352.
District Court of Appeal of Florida, Second District.
October 22, 2004.
Rehearing Denied December 6, 2004.
James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
*416 Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Kenneth Ray Goad appeals his judgment and sentence for burglary of a dwelling and petit theft. We reverse the theft conviction and affirm the burglary conviction.
The State charged Goad with the theft of Santiago Carballo's lawn mower and the burglary of Carballo's dwelling. During trial, Goad argued motions for judgment of acquittal on the charges. As to the theft, he asserted that the State failed to prove a link between the lawn mower he took and Carballo's lawn mower.
To prove the theft charge under section 812.014, Florida Statutes (2003), the State was required to prove that Goad knowingly obtained or used, or endeavored to obtain or use, the property of Santiago Carballo. In Rossi v. State, 717 So.2d 611, 611 (Fla. 4th DCA 1998), the court stated that "[t]o convict Appellant of grand theft of a motor vehicle, the state was required to present evidence that the vehicle in Appellant's possession was the vehicle identified by the victim as stolen." See also D.R.H. v. State, 761 So.2d 379, 380 (Fla. 2d DCA 2000) (concluding that the evidence was insufficient when "there was no effort by the state to establish beyond a reasonable doubt that the vehicle belonging to Mr. Powell was the same vehicle which D.R.H. admitted attempting to burglarize"); In re J.H., 579 So.2d 897 (Fla. 4th DCA 1991) (observing that the State failed to establish that the gold Seiko watch found in the appellant's pocket was the same Seiko watch taken from the victim's home). Here, the record demonstrates that the State failed to prove beyond a reasonable doubt that Carballo's lawn mower was the one found in Goad's possession. Thus, we reverse his judgment and sentence for petit theft.
Goad makes a similar argument on appeal with respect to the burglary charge, asserting that the State failed to prove that the dwelling Goad entered was Carballo's dwelling. However, Goad did not make this argument in his motion for judgment of acquittal on the burglary charge and, thus, has not preserved this issue for review. An error with respect to the sufficiency of the evidence will be considered fundamental in a noncapital case only if "the evidence is insufficient to show that a crime was committed at all." F.B. v. State, 852 So.2d 226, 230 (Fla.2003). Otherwise, a claim of insufficiency of the evidence must be specifically preserved for review. Id. at 231. Because the evidence on this charge was sufficient to show that a crime was committed, Goad is not entitled to relief on his unpreserved argument as to the burglary. With respect to the other arguments Goad makes for reversal of his burglary conviction, we affirm without comment.
Affirmed in part and reversed in part.
FULMER and VILLANTI, JJ., Concur.