PER CURIAM.
Appellant Junior Maxine Joseph timely appeals a conviction of grand theft auto. We reverse, finding the State failed to present sufficient evidence to prove Joseph possessed the allegedly stolen vehicle.
This case arose when Rafael Hernandez reported his vehicle stolen to the police. He described it as a red two-door sport model Ford Explorer with grey interior, a five-speed transmission and a worn cruise control switch. Two days later, a police officer observed Joseph driving a red two-door Ford Explorer. When Joseph ran a stop sign and began exceeding the posted speed limit, the officer ran the tag on the vehicle, discovered that the tag was not assigned to it, and activated his siren. Joseph, however, did not pull over, drove through another stop sign without stopping and, at one point, crossed-over a grassy median into oncoming traffic. After about fifteen minutes, the officer, with the help of colleagues, apprehended Joseph and arrested him.
The police, apparently under the belief that the vehicle was the same one reported stolen by Hernandez, contacted Hernandez and informed him that they had recovered his Explorer. In spite of this, Hernandez never attempted to retrieve the vehicle or identify it as his because he had since changed residences, which in turn prevented the police from notifying him of the vehicle’s presence until so much time had passed that impound charges became prohibitively expensive.
The State charged Joseph by information with, among other things, grand theft auto, fleeing or attempting to elude (high speed reckless), and driving while license suspended. At trial, Joseph moved for judgment of acquittal as to the grand theft auto charge, but his motion was denied. He was ultimately convicted of the above offenses and sentenced to 5 years in Florida State Prison for grand theft auto with credit for 192 days time served, a concurrent sentence of 10 years in prison for attempting to elude the police, also with *1234 credit for 192 days time served, and time served for driving with license suspended. On appeal, Joseph challenges only his conviction for grand theft auto.
In moving for a judgment of acquittal, a defendant “admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence.” Lynch v. State, 293 So.2d 44, 45 (Fla.1974). The relevant standards as to this issue have been set forth by the Florida Supreme Court in State v. Law, 559 So.2d 187, 188-89 (Fla.1989) (citations and footnote omitted):
Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence. The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and where there is substantial, competent evidence to support the jury verdict, we will not reverse.
[[Image here]]
It is the trial judge’s proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. The state is not required to “rebut conclusively every possible variation” of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
In the instant case, Joseph was charged with and convicted of grand theft auto under section 812.014, Florida Statutes (2005).[1] To convict a person of grand theft auto, the State is required to present evidence that the vehicle in possession of that person was the vehicle identified by the victim as stolen. Rossi v. State, 717 So.2d 611, 611 (Fla. 4th DCA 1998). We find that the State presented insufficient evidence to prove the vehicle Joseph was apprehended in was the same one reported stolen by Hernandez. The State failed to meet its burden under State v. Law, supra, since Hernandez never identified the vehicle as his and there was no evidence of vehicle identification number confirmation. Cf. C.O. v. State, 557 So.2d 637, 638 (Fla. 3d DCA 1990) (reversing an adjudication of delinquency when the State failed to present a prima facie case that the property stolen was the same as that found in defendant’s possession). Accordingly, we reverse his conviction for grand theft auto.
REVERSED.
WARNER, POLEN and HAZOURI, JJ., concur.

. Section 812.04 provides in pertinent part:
(1) A person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
(a) Deprive the other person of a right to the property or a benefit therefrom.
(b) Appropriate the property to his own use or to the use of any person not entitled thereto.
(2)(c) It is grand theft of the third degree and a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084, if the property stolen is: A motor vehicle ...