MORRIS, Judge.
V.G. appeals her adjudication of delinquency for grand theft auto and burglary of an unoccupied conveyance. Because we conclude that the State failed to present sufficient evidence to withstand her motion for judgment of dismissal, we reverse her adjudication and disposition for those two charges only. We affirm V.G.’s adjudication and disposition for a charge of fleeing and attempting to elude a police officer because she has not challenged either on appeal.
BACKGROUND
Devon Shorter testified that on May 16, 2016, he drove a 2016 silver Dodge Dart to *797 his aunt’s house to get some paperwork from his cousin. The car was a rental, and Mr. Shorter never looked at the license plate number. • When he arrived at his aunt’s house, he left the car engine on and the car windows down as he went inside the house. He left his cell phone, his wallet containing a debit card and a credit card, and a bag of clothes' in the car. He went back outside a few minutes later, and the car was gone. He promptly reported the theft' to the Tampa Police Department.
The following evening, a Tampa police officer was on patrol. He saw a silver Dodge Dart roll through a stop sign, make an abrupt lane change, make several turns, run a few more stop signs, and then come to an abrupt stop. ..Once the car. stopped, the officer witnessed two male occupants exit the rear of the car and flee in different directions. The officer also witnessed a female occupant—identified as V.G.—exit the driver’s door and flee in the same direction as one of the male occupants. Ultimately, V.G. was apprehended.
Following the officer’s testimony at the adjudicatory hearing, defense counsel moved for a judgment of dismissal, arguing in relevant part that the State failed to establish that the car from which V.G. fled was Mr. Shorter’s rental car. The trial court denied the motion as it pertained to the grand theft auto and burglary charges.[1]
V.G. then testified that her friend drove the silver Dodge Dart, but she denied driving the car herself. She admitted she did not know who owned the car. She testified that after her friend stopped the car, he said, “We got to jump out.” Her friend jumped out the driver’s door and she followed him.
After V.G.’s testimony, defense counsel again moved for judgment of dismissal, asserting that the State failed to prove that the car V.G. occupied was Mr. Shorter’s rental car. Specifically, defense counsel pointed out that there was no evidence regarding the license tag number or vehicle identification number (VIN) and that Mr. Shorter failed to identify the car stopped by the officer or to even retrieve it. The motion was denied, and,the trial court found'that V.G. was guilty of the grand theft auto, burglary, and fleeing and eluding charges. V.G. was adjudicated delinquent, and she was placed in a non-secure residential commitment program followed by post-commitment juvenile probation for an indefinite period not to exceed her nineteenth birthday.
ANALYSIS
 We review de novo the trial court’s denial of a motion for judgment of dismissal. See E.A.B. v. State, 933 So.2d 676, 678 (Fla. 2d DCA 2006).
“To support a conviction for burglary [of a conveyance], the allegation of ownership of the conveyance must be proven as alleged in the detention petition or information, since it is a material element of the crime.” L.D.S. v. State, 784 So.2d 1227, 1228 (Fla. 2d DCA 2001) (citing In Interest of M.E., 370 So.2d 795, 796 (Fla. 1979)). Similarly, “[t]o convict a person of grand theft auto, the State is required to present evidence that the vehicle in possession of that person was the vehicle identified by the victim as stolen.” Joseph v. State, 956 So.2d 1232, 1234 (Fla. 4th DCA 2007) (citing Rossi v. State, 717 So.2d 611, 611 (Fla. 4th DCA 1998)). Where the State fails to prove that a conveyance that was *798 recovered by police is the samé conveyance that was burglarized or stolen, a conviction or adjudication for burglary or theft cannot stand. See, e.g., L.D.S., 784 So.2d at 1227 (reversing adjudications for burglary and petit theft on the basis that where the victim did not indicate where he parked his vehicle, failed to identify the vehicle’s license plate and vehicle identification number, and failed to provide any further description beyond a “four-door Saturn SL2,” the State’s evidence that a police officer witnessed youths breaking into a green, four-door Saturn was insufficient to establish that it was the victim’s vehicle); Joseph, 956 So.2d at 1233-34 (reversing conviction for grand theft auto where the victim described his vehicle as a red, two-door sport model Ford Explorer with grey interior, a five-speed transmission, and a worn cruise control switch but where the evidence merely established that the appellant was driving a red, two-door Ford Explorer and the State failed to present any evidence of a vehicle identification number confirmation or the victim’s identification of the recovered vehicle as his own); C.O. v. State, 557 So.2d 637, 638 (Fla. 3d DCA 1990) (reversing adjudication for burglary of a conveyance and grand theft where the victim testified she owned a white 1985 Toyota Camry but‘where there was no evidence establishing that the victim’s car was the same white, four-door car that the appellant was seen driving and in which he was later apprehended).
We reject the State’s assertion that the circumstantial evidence was sufficient to establish that the vehicle from which V.G. fled was Mr. Shorter’s rental car. There was no evidence presented that V.G. was seen in possession of specifically identified property that was later recovered. Cf. Kearson v. State, 123 Fla. 324, 166 So. 832, 833 (Fla. 1936) (concluding that identity of stolen property could be determined by the jury from the circumstantial evidence where two defendants who were seen carrying two new-looking, double-barreled shotguns and two sacks containing 500 shotgun shells and where the deputy sheriff later recovered a sack finding “what he had been told was missing”). Nor is this a case where there was sufficient circumstantial evidence from which ownership of the conveyance • and its contents could be inferred. Cf. D.S.S. v. State, 850 So.2d 459, 461-62 (Fla. 2003) (concluding that the ownership element was sufficiently established where the evidence reflected that the burglarized building was commonly referred to as Plant City High School and was located in Hillsborough County and that the appellant was a juvenile at the time of the crime, thereby proving that the Hillsborough County School Board had a right of possession of the building and its contents as against the appellant). Rather, in this case, the evidence merely reflected a general description of a common car: a 2016 silver Dodge Dart. There was no other evidence of descriptive information such as a license tag or VIN, and there was no evidence presented about any of Mr. Shorter’s personal items being recovered from the car. In fact, there-was no evidence that Mr. Shorter even attempted to identify the car that was recovered by police.
We likewise reject the State’s arguments that V.G.’s disclaimer of knowledge as to who owned the vehicle and her flight from the vehicle constitute sufficient evidence to withstand the motion for judgment of dismissal as to the grand theft auto and burglary charges. See In re M.M., 571 So.2d 112, 113 (Fla. 4th DCA 1990) (rejecting argument that the appellant’s lack of knowledge as to ownership of the burglarized property was sufficient to establish that the victim had superior interest in it because “[w]hile it may tend to prove that the [property] was not appellant’s property, it does not identify the offense sufficiently to protect the accused *799 from a second prosecution from the same offense”); Joseph, 956 So.2d at 1238-34 (reversing grand theft auto conviction despite appellant’s flight from police in the vehicle where the State failed to prove that the vehicle was the' same one reported stolen by, the victim). The State’s evidence may have reflected that the car did not belong to V.G., but it did not establish a link between the theft and burglary of Mr. Shorter’s rental car and the car from which V.G. fled. Further, V.G.’s flight-standing alone—could not establish that missing link. See D.L. v. State, 138 So.3d 499, 501 (Fla. 3d DCA 2014) (citing R.M. v. State, 763 So.2d 1060, 1062 (Fla. 4th DCA 1999), for the proposition that flight alone is insufficient to sustain a guilty verdict).
The State failed to meet its burden of presenting sufficient evidence to withstand V.G.’s motion for judgment of dismissal as to the grand theft auto and burglary charges. Accordingly, we reverse V.G.’s adjudication and disposition as .to those two charges only.
Affirmed in part, reversed in part, ■ and remanded.
NORTHCUTT and KELLY, JJ., Concur.

. Defense counsel also moved for judgment of dismissal as to the fleeing and eluding charge and as to a fourth charge of driving without a valid driver's license. The trial Court denied the motion as to the fleeing and eluding charge but granted the motion as to the driving without a valid driver's license charge.