# Third District Court of Appeal

**State of Florida**

Opinion filed October 4, 2017.

————————————

No. 3D16-2813
Lower Tribunal No. 16-502

————————————

**A.P., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria De Jesus Santovenia, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Marlon J. Weiss, Assistant Attorney General, for appellee.

Before LOGUE, LUCK and LINDSEY, JJ.

**ON CONFESSION OF ERROR**

PER CURIAM.

Based on the state's proper confession of error, with which we agree, we reverse the part of the trial court's order withholding adjudication of delinquency, and placing A.P. on probation, for grand theft and burglary of an unoccupied conveyance, and remand for entry of judgment of dismissal as to these charges. See

J.E.P. v. State, 561 So. 2d 10, 11 (Fla. 3d DCA 1990) (reversing adjudication of delinquency where "[t]here is insufficient evidence to establish that the van J.E.P. was attempting to jump-start was the same van charged in the information"); C.O. v. State, 557 So. 2d 637, 638 (Fla. 3d DCA 1990) (reversing adjudication of delinquency where "[t]here is no evidence establishing that the white 1985 Toyota Camry stolen from Ms. Dixon at the 163rd Street shopping center on January 14th was the same vehicle as the white, four door car which Mr. August observed C.O. driving at 7742 N.W. 5th Court on January 15th"); J.G. v. State, 539 So. 2d 39, 40 (Fla. 3d DCA 1989) ("We reverse J.G.'s adjudications of delinquency and remand the cause to the trial court with directions to enter judgments of acquittal based upon the state's failure to establish ownership of the automobile which J.G. was charged with burglarizing and failure to establish ownership of the automobile parts which J.G. was charged with stealing."); C.B. v. State, 519 So. 2d 686, 687 (Fla. 3d DCA 1988) ("[T]he motion for a judgment of acquittal should have been

granted because the evidence as to proof of ownership of the automobile which the appellant was charged with attempting to burglarize was woefully deficient to support the finding that the appellant had committed such attempted burglary."). A.P. does not appeal, and the state does not confess error as to, the part of the trial court's order withholding adjudication of delinquency and placing him on probation for resisting a law enforcement officer without violence. That part of the trial court's order stands as unaffected by this appeal.

Reversed and remanded with instructions.