# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4170

_____

S. G., a child,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Jonathan Sjostrom, Judge.

July 25, 2018

OSTERHAUS, J.

S.G. appeals a juvenile disposition order finding her delinquent for resisting an officer without violence. She asserts, and we agree, that the State's evidence was insufficient and the trial court should have granted her motion for judgment of dismissal.

## I.

S.G. is a minor child who, pursuant to a detention order, was under the care of the Children's Home Society (CHS). She was required to remain with CHS personnel at all times. In August 2017, she spent the workday at a CHS office in Tallahassee before being told in the afternoon that she would be returning to a particular CHS shelter for the night. She did not want to go to that

particular shelter, but to another one. She became upset and told the CHS worker she would not go.

In an effort to have S.G. comply with its plan, the CHS worker called law enforcement. A Tallahassee Police Department officer responded and spoke with S.G. He told S.G. that she had to comply with CHS's decision about the shelter. When S.G. continued insisting that she wouldn't go to that shelter, the officer told her that her other option was being taken into custody and to the juvenile assessment center (JAC). S.G. responded that she'd rather go to the JAC. And so, she was taken into custody without protest.

The State proceeded to charge S.G. with resisting an officer without violence. In the course of the subsequent trial, after the State presented its case, S.G. sought a judgment of dismissal, questioning the legal sufficiency of the evidence. But the trial court denied her motion. She was found guilty of the charges and now has appealed.

II.

A motion for judgment of dismissal in juvenile proceedings, like a motion for judgment of acquittal in criminal proceedings, presents the question of whether the evidence is legally sufficient to support the charge. *See D.S. v. State*, 106 So. 3d 991, 993 (Fla. 1st DCA 2013). The granting of a motion for judgment of dismissal is warranted only if "the evidence is insufficient to establish a prima facie case of guilt against the child." Fla. R. Juv. P. 8.110(k). A defendant moving for a judgment of dismissal "admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a [trier of fact] might fairly and reasonably infer from the evidence." *D.S.*, 106 So. 3d at 993 (quoting *Lynch v. State*, 293 So. 2d 44, 45 (Fla. 1974)). We review orders denying such motions de novo. *Id.*

To be found guilty of resisting an officer without violence under § 843.02, Florida Statutes (2017), the State must prove that "(1) the officer was engaged in the lawful execution of a legal duty; and (2) the defendant's action, by his words, conduct, or a combination thereof, constituted obstruction or resistance of that lawful duty." *C.E.L. v. State*, 24 So. 3d 1181, 1185-86 (Fla. 2009). Legal duties include things like serving process, legally detaining

2

a person, or asking for assistance in an emergency situation. *See, e.g.*, *C.W. v. State*, 76 So. 3d 1093, 1095 (Fla. 3d DCA 2011). Courts in Florida have drawn a distinction in similar cases "between an officer who is engaging in the lawful execution of a legal duty, and a police officer who is merely on the job." *Id.*; *Jay v. State*, 731 So. 2d 774, 775 (Fla. 4th DCA 1999). To prove the crime, the officer must be lawfully executing a "legal duty." § 843.02, Fla. Stat.

In this case, the State asserts that the officer's legal duty arose from § 985.101(1)(d). This statute provides that a child may be taken into custody by law enforcement when the officer has "probable cause to believe that the child is in violation of the conditions of the child's probation, nonsecure detention, postcommitment probation, or conditional release supervision; has absconded from nonresidential commitment; or has escaped from residential commitment." *Id.* Given the evidence that S.G. was subject to a detention order requiring her to remain with CHS personnel at all times, the officer exercised proper authority under the statute by taking her into custody after S.G. failed to abide by CHS's decision about the shelter and the conditions of her detention.

The State presented no evidence, however, that S.G. resisted the officer's work of taking her into custody under § 985.101(1)(d). Rather, the officer testified that S.G. was "relatively calm . . . a little bit animated, . . . [but not] aggressive or anything like that." According to the officer, he spoke calmly to her, urging her to return to the shelter with her case manager or another CHS employee. And he "even gave her the option that [he] could drive her there." But she didn't want to go to the particular shelter to which she had been directed. The officer then offered S.G. an alternative, which she accepted. He testified of telling her:

> as a 14 year old she can't decide not to do what her case manager wanted her to do. I basically told her, if you don't go to the safe house then our only other option is to take you to the Juvenile Assessment Center for a violation of the terms of the intervention.

At that point, S.G. chose the JAC. And then she complied with being taken into custody. In other words, she did not by her words

3

or conduct resist, obstruct, or oppose the officer's actions in carrying out his legal duty of taking her into custody.

What is more, S.G.'s choice of the JAC option, instead of following the officer's first advice to go with CHS, doesn't support the charges of resisting an officer without violence. To prove the offense, the State was required to show that S.G. "resist[ed], obstruct[ed] or oppose[d]" *the officer's* execution of a legal duty or process, not merely CHS's shelter plan for the night. § 843.02, Fla. Stat. Her decision not to follow CHS's plan caused her to violate the terms of her detention. But it didn't constitute resisting the officer, who wasn't impeded in his work of taking her into custody under § 985.101(1)(d).

Because on these facts, the State could not prove that S.G. committed the offense of resisting an officer without violence, the motion for judgment of dismissal should have been granted.

### III.

Accordingly, we reverse the juvenile disposition order and remand for dismissal.

REVERSED and REMANDED.

WETHERELL and RAY, JJ., concur.

––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––

Andy Thomas, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

4