# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2024-0309
Lower Tribunal No. 2023-CJ-001022-A-O

_____

J.N.S.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Reginald K. Whitehead, Judge.

December 12, 2025

GANNAM, J.

J.N.S., a juvenile, appeals his judgment and sentence for the delinquent act of grand theft of a motor vehicle under section 812.014(2)(c)(6), Florida Statutes (2023). The juvenile court found J.N.S. guilty following an adjudicatory hearing at which the court denied J.N.S.'s motion for judgment of dismissal. Because the State did not prove ownership of the car it charged J.N.S. with stealing, the juvenile court should have granted the motion for judgment of dismissal, and we reverse.

The delinquency petition charged J.N.S. with stealing "A Nissan automobile, the property of another, to-wit: BARBARA REDENTI, as owner or custodian therof." Redenti testified at the adjudicatory hearing that, on May 20, 2023, her 2017 red Nissan Sentra was stolen from its parking space outside her Orlando home and the keys taken from a table on her porch while she was inside the home unaware. She testified she retrieved the car from a police tow yard about a week later with dents in it and two flat front tires.

Several police officers testified about the apprehension of J.N.S. after he fled from a red Nissan Sentra stopped by police on May 23, 2023. One officer testified she called for surveillance of a red Nissan Sentra as a possible stolen vehicle. Her testimony included the car's license plate number. Another officer testified to stopping the surveilled red Nissan Sentra and J.N.S.'s exiting the passenger side and fleeing on foot before being apprehended by another officer. He also testified that he did not remember seeing any damage to the car. A third officer testified to questioning J.N.S. at the scene and authenticated his body-worn camera recording of the questioning, which was played for the court.

The recording showed the officer's Mirandizing[1] J.N.S. and asking him, "So, what happened today, man?" J.N.S. confessed, "I was in a stolen car." He described

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

the car as a "Nissan, red," and said he took it after finding it unlocked and running with the keys in it. J.N.S. said he did not know where he found the car or who owned it, and he did not say when he took it.

At the end of the State's evidence, J.N.S. moved for judgment of dismissal, arguing the State failed to prove the car J.N.S. took was the same car stolen from Redenti. The court denied the motion and denied it again upon renewal at the end of J.N.S.'s defense case. The court found J.N.S. guilty of grand theft of a motor vehicle, withheld adjudication of delinquency, and sentenced him to one year of juvenile probation.

## II

On appeal, J.N.S. challenges the juvenile court's denial of his motion for judgment of dismissal. Our review is de novo. *See S.G. v. State*, 252 So. 3d 323, 325 (Fla. 1st DCA 2018).

A motion for judgment of dismissal in a juvenile delinquency proceeding, like a motion for judgment of acquittal in a criminal proceeding, tests the sufficiency of the evidence to support the charge. *Id.* The juvenile court must grant the defense's motion if, at the close of the State's evidence or at the close of all the evidence, "the evidence is insufficient to establish a prima facie case of guilt against the child." Fla. R. Juv. P. 8.110(f). The evidence is sufficient if, when viewed in the light most favorable to the State, "a rational trier of fact could find the existence of the elements

3

of the crime beyond a reasonable doubt." *D.E. v. State*, 904 So. 2d 558, 561 (Fla. 5th DCA 2005).

III

Relevant here, the statute defining grand theft of a motor vehicle requires proof of taking "the property of another." §§ 812.014(1) ("A person commits theft if he or she knowingly obtains or uses . . . the property of another . . . ."), 812.014(2)(c)6. ("It is grand theft of the third degree and a felony of the third degree . . . if the property stolen is . . . [a] motor vehicle . . . ."), 812.012(3) (defining "Obtains or uses" to include "Taking or exercising control over property"), 812.012(5) ("Property of another" means property in which a person has an interest upon which another person is not privileged to infringe without consent . . . ."), Fla. Stat. (2023). Thus, a conviction requires the State to prove, as a material element of the crime, who has an ownership or other interest in the motor vehicle the defendant is charged with stealing—i.e., that the car taken by the defendant is the "property of another." *See J.A.R. v. State*, 331 So. 3d 220, 223–24 (Fla. 2d DCA 2020), *quashed in part on other grounds*, 318 So. 3d 1256 (Fla. 2021); *see also D.S.S. v. State*, 850 So. 2d 459, 461 (Fla. 2003) ("[T]he crime[] of . . . theft require[s] proof that the . . . stolen property belonged to 'another.' The purposes of the ownership element are to prove the accused does not own the property and to sufficiently identify the offense

4

to protect the accused from a second prosecution for the same offense." (citation omitted)).

The delinquency petition charged J.N.S. with stealing Redenti's "Nissan automobile." But neither J.N.S.'s confession, witness testimony, nor other evidence established that Redenti's 2017 red Nissan Sentra, stolen from its parking space at her home on May 20, 2023, was the same red Nissan Sentra police stopped on May 23 and J.N.S. confessed he took from an unknown location. There was no evidence matching the vehicle identification number (VIN) of Redenti's stolen car and the car recovered from J.N.S. There was police testimony of the license plate number of the recovered car, but no Redenti or police testimony matching the plate to Redenti's car. There was bodycam video of J.N.S.'s confession, but no video of the car he confessed to taking for Redenti to identify as hers. Redenti testified to observable damage to her car when it was returned to her at the police tow yard, but the only police officer to testify about damage to the car recovered from J.N.S. did not recall seeing any damage. Nor did police testify that the recovered car was taken to the tow yard where Redenti's stolen car was returned to her.

The matching general description of the car recovered from J.N.S. to Redenti's stolen car (color, make, and model) and the temporal proximity of the recovery to when Redenti's car was stolen (three days) were insufficient, without additional identifying evidence, to establish the car J.N.S. took was Redenti's stolen

car—i.e., to establish the "property of another" element of the grand theft charge. *See, e.g., J.A.R.*, 331 So. 3d at 223–24 (reversing conviction where evidence matching stolen vehicle to vehicle recovered one day later limited to "silver-gray Jeep Grand Cherokee"); *V.G. v. State*, 224 So. 3d 795, 798–99 (Fla. 2d DCA 2017) ("silver Dodge Dart" recovered one day later); *Joseph v. State*, 956 So. 2d 1232, 1233–34 (Fla. 4th DCA 2007) ("red two-door Ford Explorer" recovered two days later); *see also Rossi v. State*, 717 So. 2d 611, 611 (Fla. 4th DCA 1998) ("green Buick"); *C.O. v. State*, 557 So. 2d 637, 638 (Fla. 3d DCA 1990) ("white, four door car" recovered one day later).

REVERSED.

NARDELLA and MIZE, JJ., concur.


Blair Allen, Public Defender, and Stephania A. Valantasis, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Bureau Chief, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED