333 So.2d 109 (1976)
Jesse Edward PITTS, Appellant (Defendant),
v.
STATE of Florida, Appellee (State).
No. Z-355.
District Court of Appeal of Florida, First District.
May 24, 1976.
*110 Richard W. Ervin, III, Public Defender, Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
MILLS, Acting Chief Judge.
Pitts was charged with breaking and entering with intent to commit grand larceny. A jury found him guilty as charged. He appeals from an adjudication of guilt and sentence to imprisonment.
Pitts contends that the trial court erred in permitting the State to introduce a taped statement of a witness produced by the State for the purpose of impeaching the witness' credibility. We agree.
Arnold, who was Pitts' codefendant, but had pled guilty and been sentenced before Pitts' trial, was called as a witness for the State. He testified that he could not remember if Pitts participated in the burglary. The State contended that Arnold's testimony caught it by surprise, because it was inconsistent with his taped testimony, and that he was a hostile witness. The trial court permitted the jury to hear his taped statement, cautioning the jury that the statement was for the purpose of determining the credibility of the witness, and not for use as substantive evidence.
In the taped statement, Arnold said that Pitts was involved in the planning and perpetration of the burglary. He also told of other crimes in which he and Pitts were involved. The prosecutor concluded the playing of the tape but asking that it be cut off, because the rest of it involved a bunch of crimes which Arnold and Pitts committed which were unrelated to the crime being tried.
The objections made by Pitts' attorney were overruled, and his motions for mistrial and judgment of acquittal were denied.
During closing argument, the prosecutor relied upon and referred to the statement as substantive evidence.
A party producing a witness may not impeach his credibility, unless the witness proves adverse. Then the party producing him may prove that he made a statement inconsistent with his present testimony. Section 90.09, Florida Statutes.
*111 Under this statute, impeachment is permitted only in cases where the party's witness surprises him by failing to give the beneficial evidence expected of him, and becomes adverse by giving harmful evidence that is contrary to what was expected. Adams v. State, 34 Fla. 185, 15 So. 905 (1894).
Although a witness is properly impeached by proof of a conflicting statement, the conflicting statement may not be considered as substantive evidence. Adams v. State.
Although Arnold did not testify as the State expected, he did not give harmful testimony. He never said more than he could not recall if Pitts participated in the burglary. He was not an adverse witness. Sylvester v. State, 46 Fla. 166, 35 So. 142 (1903). Therefore, the impeachment of Arnold was prejudicial error. In fact, the State never claimed he was more than hostile. A witness who is merely hostile may not be impeached by the party calling him. Johnson v. State, 178 So.2d 724 (Fla.App.2d, 1965).
When a witness testifies that he does not remember what happened, the State may not use a prior statement of the witness to present substantive evidence to the jury. Rankin v. State, 143 So.2d 193 (Fla. 1962). Although the court properly admonished the jury, the prosecutor nevertheless referred to the statement and used it as substantive evidence. This was error.
Those parts of the statement referring to prior crimes were inadmissible and prejudicial. Lucas v. State, 257 So.2d 261 (Fla.App.1st, 1971).
The judgment and sentence is reversed and this case is remanded for a new trial.
SMITH, J., and EASTMOORE, E.L., Associate Judge, concur.