360 So.2d 1270 (1978)
Goldia KIMBLER, Appellant,
v.
STATE of Florida, Appellee.
No. FF-491.
District Court of Appeal of Florida, First District.
June 16, 1978.
On Rehearing July 26, 1978.
Louis G. Carres, Asst. Public Defender, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Kimbler appeals from her convictions of murder in the second degree and tampering with evidence. Joe Max Valdez died of an abdominal gunshot wound at appellant's home on the night of August 23, 1976, or early the next morning. The weapon was not found. He was last seen alive by testifying witnesses at 10 p.m. The medical evidence suggests he died no later than 2 a.m. Police arrived at 8:30 a.m. The convictions rest on incriminating inferences from circumstantial evidence. That evidence was insufficient to permit findings, beyond a reasonable doubt, of Kimbler's guilt. The evidence does not fairly exclude several hypotheses of her innocence which are suggested by the evidence or lack of it, and which the jury and trial judge were bound to regard. Davis v. State, 90 So.2d 629 (Fla. 1956); Head v. State, 62 So.2d 41 (Fla. 1952); Amato v. State, 296 So.2d 609 (Fla. 3d DCA 1974). The incriminating extrajudicial testimony given by the witness Burr, with which the state attempted to impeach Burr when she failed to so testify as the court's witness, cannot be considered as competent evidence on the charge against appellant. Pitts v. State, 333 So.2d 109 (Fla. 1st DCA 1976). Appellant's motion for new trial should have been granted. McArthur v. State, 351 So.2d 972 (Fla. 1977). The convictions are REVERSED AND REMANDED.
McCORD, C.J., and BOYER, J., concur.

ON PETITION FOR REHEARING
SMITH, Judge.
Kimbler's petition for rehearing calls attention to the United States Supreme Court decisions announced June 14 in Burks v. United States, ___ U.S. ___, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and Greene v. Massey, ___ U.S. ___, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); and to that Court's summary action on June 26, 1978, ___ U.S. ___, 98 S.Ct. 3119, 57 L.Ed.2d 1145, vacating McArthur v. State, 351 So.2d 972 (Fla. 1977), relied on in our opinion in this case, and remanding the case for reconsideration in the light of Burks and Greene.
*1271 In ordering Kimbler remanded for a new trial, because she had asked for that relief below and not for judgment of acquittal, we gave effect to a view of the Double Jeopardy Clause which Burks and Greene have overruled. Burks holds that when as here an appellate court has determined that the evidence was insufficient to support the conviction, the accused must be discharged, not retried; and that "it makes no difference that a defendant has sought a new trial as one of his remedies, or even as the sole remedy." Burks, ___ U.S. at ___, 98 S.Ct. at 2150.
The petition for rehearing is GRANTED and Kimbler is DISCHARGED.
McCORD, C.J., and BOYER, J., CONCUR.