McCORD, Chief Judge.
Brown appeals his conviction of armed robbery and sentence of five years. He *92 argues that the evidence was insufficient to prove beyond a reasonable doubt that he was the perpetrator of the crime. We agree and reverse.
Wanda Wilson, an employee of the robbed Majik Market, was the only eyewitness to the crime. She testified that between 3:30 and 4 o’clock on Sunday afternoon, a young man came into the store, pulled a long gun with a silver barrel and demanded money. She placed the money in a brown paper bag and saw the robber carry the bag and leave the store on a bicycle. She described the robber as wearing a cap, light blue t-shirt, and jeans. Wilson testified that the appellant and the robber had the same features and resembled each other. However, she also testified that she was not sure that Brown was the robber. Although it was established at trial that Wilson consistently picked out the appellant in a corporeal and a photo line-up, it is clear that neither of these were positive identifications. Wilson merely chose the person who looked most like the robber.
Officer Boynkin arrived at the scene three to five minutes after a call from Wilson. Officer Boynkin tracked bicycle tire marks beginning on a dirt path located 125 to 150 feet from the Majik Market. The tracks on the path led toward a housing project. The appellant lived about one-half mile beyond the project. It was established that the bicycle tracks could have been made by a number of bicycles. Further, none of the tracks could be identified as being made by the robber’s bicycle and no pictures of tire tracks matched those of Brown’s bicycle. Boynkin admitted that the path was well travelled and that there were many young men living in the project who rode bicycles. The appellant’s house was searched the evening of the robbery and no light blue t-shirt, money, or gun was discovered.
Other witnesses testified that the appellant was seen, minutes after the robbery, bicycling unhurriedly toward the project and wearing a cap, blue t-shirt, and jeans. However, he was also wearing sunglasses, and he did not appear to be carrying either a brown paper bag or a gun. Finally, Officer Boynkin testified that Brown initially stated his whereabouts to be elsewhere than near the Majik Market on Sunday afternoon. Subsequently, he admitted being in the area.
The conviction rests entirely upon circumstantial evidence, there having been no positive identification of appellant as the robber. The evidence shows that appellant’s presence in the area was at a reasonable hour and that he was unhurriedly traveling a well-used path. In addition, the nondescript clothing worn by him and by the robber affords no basis for concluding that the two persons were one and the same. Also, there was no evidence of any distinctive or unusual physical features which would tend to identify appellant and the robber as one and the same person. In sum, the circumstances are not of such conclusive nature and tendency as to prove appellant’s guilt beyond a reasonable doubt. As in Kimbler v. State, 360 So.2d 1270 (Fla. 1st DCA 1978), the evidence does not fairly exclude several hypotheses of innocence which are suggested by the evidence or lack of it and which the jury and trial judge were bound to regard.
Reversed and Brown is discharged.
MELVIN and BOOTH, JJ., concur.