ROBERT P. SMITH, Jr., Chief Judge,
specially concurring:
I join the Court in affirming Tipton’s conviction of attempted sexual battery upon a fourteen-year-old female, for I agree that the trial court did not err in admitting the State’s proof, through the witness Atkinson, Tipton’s secretary, that Atkinson previously made an out-of-court statement to a detective falsely exculpating Tipton by saying she was present and working with him and the girl all during the time the assault was said to have taken place.
I agree with appellant that the witness Atkinson was in no proper sense an “adverse” witness when called by the prosecutor and interrogated on direct examination, Section 90.608(2), Florida Statutes (1979), *480 because she gave no testimony prejudicial to the State’s case. Therefore her testimony elicited by the State on direct examination, neutral as it was, was not subject? to “impeachment” by proof of her prior statement to the detective. Gibbs v. State, 193 So.2d 460 (Fla.2d DCA 1967); Pitts v. State, 333 So.2d 109 (Fla. 1st DCA 1976). Yet just as the witness was not “adverse,” the State’s purpose was not to “impeach” her. All of her testimony, tending to show her recanted collaboration with the defendant in giving a false exculpatory story to the detective, was admissible without a finding that Atkinson was an “adverse” witness, because her testimony, considered in the light of the defendant’s own identical exculpatory statement, was substantial evidence of the defendant’s guilty knowledge.