433 So.2d 1294 (1983)
Jimmy L. McNEIL and Ruby L. McNeil, Appellants,
v.
STATE of Florida, Appellee.
No. AO-242.
District Court of Appeal of Florida, First District.
June 30, 1983.
Rehearing Denied July 25, 1983.
Michael Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., David P. Gauldin, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellants were charged with grand theft and convicted upon a jury verdict. Because the evidence was insufficient to support the convictions, we reverse.
A stolen AM-FM stereo radio-cassette player was seized from appellants' home pursuant to the execution of a search warrant. The warrant was issued on the basis of information provided to the police by Julius Andrews, subsequent to his arrest for shoplifting. Andrews told the police that if they would drop his shoplifting charge (he was on probation), he would give them information about other thefts involving more money. He then related that he had gone into Howard's Discount Store with appellant Jimmy McNeil; that they had removed a toy from its box and put the radio inside; that they then paid for the toy, and walked out with it while Ruby McNeil waited for them in the car.
Andrews was ultimately charged with several counts of theft and, prior to appellants' trial, he informed the prosecuting attorney that he would not testify for the state unless he was granted total immunity. Therefore, the state attorney moved that the court call Mr. Andrews as its own witness under § 90.615, Florida Statutes, so that the state could impeach him if he testified adversely. § 90.608, Florida Statutes. Defense counsel objected to the procedure, but the motion was granted. The court called Andrews as a witness and questioned him about how the stolen stereo came to be in the appellants' home. Andrews testified that he had bought the stereo on the street, and had asked appellants to store it for him *1295 temporarily, but they had no knowledge that it was stolen. The state then questioned Andrews about his prior inconsistent statements implicating appellants in the theft of the stereo. Andrews responded that he had made the statements against the McNeils because the interrogating officer had indicated that he was more interested in arresting McNeil than Andrews.
It is undisputed that Andrews' prior inconsistent statement was introduced solely for the purpose of impeaching his in-court testimony pursuant to § 90.608(1)(a).[1] Therefore, although the statement was properly admitted for impeachment purposes, it was not substantive evidence of appellants' guilt. Kimbler v. State, 360 So.2d 1270 (Fla. 1st DCA 1978); Pitts v. State, 333 So.2d 109 (Fla. 1st DCA 1976).
Without considering Andrews' prior inconsistent statement as substantive evidence, the only support for the appellants' conviction lies in the presumption raised by their possession of the recently stolen equipment. § 812.022, Florida Statutes. However, mere possession of stolen property is insufficient to establish guilt when there is an unrefuted, exculpatory, and not unreasonable explanation for the possession. R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981). Both appellants testified that Andrews had brought the radio to their house and asked them to keep it until he found an apartment to move into. This was an unrefuted, reasonable, exculpatory explanation for the presence of the stolen property in their home, and their possession was therefore insufficient, standing alone, to establish guilt.
Because appellants' convictions of grand theft are based on insufficient evidence as a matter of law, they are hereby reversed. See Kimbler, supra.
ROBERT P. SMITH, Jr., C.J., and ZEHMER, JJ., concur.
NOTES
[1] This is not a case where a prior statement, made under oath, was introduced as substantive evidence. See Webb v. State, 426 So.2d 1033 (Fla. 5th DCA 1983); § 90.801(2)(a), Fla. Stat.