493 So.2d 550 (1986)
Robert M. COYLE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-2444.
District Court of Appeal of Florida, Fourth District.
September 10, 1986.
*551 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
GUNTHER, Judge.
Robert M. Coyle appeals his judgment of conviction and sentence and contends that the trial court erred in denying his motion for judgment of acquittal. We reverse.
Appellant was convicted of theft of Harold Houser's vehicle pursuant to section 812.014(2)(b), Florida Statutes (1983). Appellant moved for judgment of acquittal on the ground that the prosecutor failed to prove that the vehicle found in appellant's possession was the car that was taken from Houser. The judgment of acquittal should have been granted because the record reveals that there was insufficient evidence that the vehicle in Coyle's possession was the same as the vehicle taken from Houser. There is a missing link because there is no evidence to connect the car the police returned to Houser and the car found in Coyle's possession. See Morgan v. State, 186 So.2d 795 (Fla. 3d DCA 1966).
The Double Jeopardy Clause of the United States Constitution compels us to remand this case with instructions to the trial court to discharge the appellant because the State failed to present sufficient evidence at trial that the vehicle in Coyle's possession was the vehicle taken from Houser. See Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 15 (1978); Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); Kimbler v. State, 360 So.2d 1270 (Fla. 1st DCA 1978).
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.