636 So.2d 790 (1994)
In the Interest of A.P., a child.
No. 94-0291.
District Court of Appeal of Florida, Fourth District.
April 27, 1994.
Steven W. Gomberg of Law Office of Steven W. Gomberg, West Palm Beach, for petitioner-A.P.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for respondents-State and Howard C. Berman.
PER CURIAM.
We have before us a petition for prohibition seeking to prevent a retrial of A.P., a juvenile, on charges of conspiracy to commit first degree murder. Prohibition is appropriate to challenge a trial court's jurisdiction on the grounds of violation of double jeopardy. See, e.g., Strawn v. State ex rel. Anderberg, 332 So.2d 601 (Fla. 1976); Walker v. Cocalis, 434 So.2d 352 (Fla. 4th DCA 1983).
In the trial court, at the conclusion of the state's case, and at the conclusion of all of the evidence, petitioner moved for a directed verdict of not guilty. The court found him guilty of the delinquency offense, and withheld adjudication pending a disposition hearing. Petitioner then filed a motion for new trial, for rehearing, and a motion to vacate judgment, which included his claim that there was insufficient evidence to support the allegations of conspiracy to commit first degree murder and the court's finding of guilt. Petitioner's motion was heard on January 10, 1994, and the court found that there was insufficient evidence to support the charge of conspiracy to commit murder. In its order granting the motion for new trial, the court said that "if [A.P.] did not agree with E.F. to murder Mark Pamer, he could not properly be convicted of this charge simply because he had agreed to commit a battery or aggravated battery against Pamer." The trial court thereupon granted petitioner's motion and vacated its finding of guilty. In the same order, it denied his motion for judgment of acquittal and ordered a new trial. That prompted the instant petition.
Petitioner argues that when a verdict is found to be contrary to the evidence, the trial court may not order a retrial, but rather must discharge the defendant. Petitioner cites as support the Florida Supreme Court's decision in Tibbs v. State, 397 So.2d 1120 (Fla. 1981), affirmed, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982), in which the court acknowledged the general principle that appellate reversals tantamount to an acquittal for insufficient evidence preclude retrial under the principles of double jeopardy. Petitioner argues that it is clear from respondent Judge Berman's order in his case that his ruling was based on the finding that the evidence presented failed to prove the crime charged, and as such was a finding of insufficient evidence.
In Coyle v. State, 493 So.2d 550 (Fla. 4th DCA 1986), this court reversed a trial court's denial of a judgment of acquittal, when this court found that there was insufficient evidence to connect a stolen car to the appellant, who had been convicted of its theft. This court went on to state that the Double Jeopardy Clause of the United States Constitution *791 compelled a remand to the trial court with instructions to discharge the appellant because the state had failed to present sufficient evidence at trial that the vehicle found in appellant's possession was the vehicle taken from the victim of the theft. Id. at 551, citing Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); Greene v. Massey, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); Kimbler v. State, 360 So.2d 1270 (Fla. 1st DCA 1978).
In the Kimbler case, the First District reversed a defendant's conviction for second degree murder and tampering with evidence, finding the evidence insufficient to permit findings of guilt beyond a reasonable doubt, and on rehearing, ordered the defendant discharged. The First District acknowledged as binding the authority of Burks v. United States, and Greene v. Massey, that the double jeopardy clause of the fifth amendment bars retrial of a defendant whose conviction is reversed on appeal for insufficient evidence. Id. at 1271.
Based upon the foregoing authorities we grant the petition for writ of prohibition and remand to the juvenile court with instructions to discharge petitioner as to the charges in this case forthwith.
PROHIBITION GRANTED.
HERSEY, GLICKSTEIN and POLEN, JJ., concur.