CASANUEVA, Judge.
The State of Florida appeals the trial court’s order dismissing the pending charge against Jason Torres. The trial court concluded that the pretrial supervised release condition to undergo counseling constituted punishment and that no further punishment could be imposed without violating the constitutional protections afforded by the Double Jeopardy Clause, if subsequently Mr. Torres were to be found guilty. We reverse because the facts do not show that the protections afforded Mr. Torres by the Double Jeopardy Clause have been violated.
PROCEDURAL HISTORY
In November 2002, an information was filed charging nineteen-year-old Jason Torres with lewd or lascivious battery, a second-degree felony violation of section 800.04, Florida Statutes (2002), for sexual activity with a minor twelve or older but under the age of sixteen. Mr. Torres had voluntarily turned himself in shortly after he discovered that a warrant had been issued for his arrest. At his first appearance hearing, the prosecutor informed the *294 court that the basis for the warrant was an allegation that consensual sexual intercourse had occurred between two teenaged neighbors. The prosecutor also related that Mr. Torres had no criminal history, was gainfully employed, and had lived for five years in Lee County with his parents. The court ordered that Mr. Torres be screened for pretrial release and, should he qualify for supervised release, that he have an evaluation by Family Alliance; furthermore, if he participated in any counseling as a result of the evaluation, the court ordered that the counseling be confidential.
Mr. Torres was evaluated and placed on supervised release. Because he qualified for supervised pretrial release on his own recognizance, he was not required to post the $5000 bond that the State had requested and that the court provisionally ordered. He then attended four or five counseling sessions. However, after the State filed the information and shortly before arraignment, Mr. Torres’s counsel filed a motion to suspend or strike the condition requiring counseling.[1] The motion alleged that Family Alliance was pressuring him to undergo further counseling, and the counseling requirement was an unreasonable bond condition that should be struck. At the hearing on this motion, the court granted the defense motion and struck the counseling requirement. The court believed that the bond condition imposing counseling was a form of punishment when Mr. Torres had not yet been convicted, recognizing a potential double jeopardy problem that had recently been addressed in the circuit.[2] Because Mr. Torres was complying with all other conditions, the court further refused the State’s request that a monetary bond condition be imposed.
As the case neared the trial date, Mr. Torres’s counsel moved for dismissal of the ease and discharge of the defendant on double jeopardy grounds, arguing that the counseling requirement that was imposed at first appearance was available only upon conviction. Furthermore, the condition requiring evaluation could not reasonably be construed as necessary to ensure Mr. Torres’s future appearances in court. Attached to the motion as legal support was a'copy of the opinion in State v. Price, 8 Fla. L. Weekly Supp. 617 (Fla. 20th Cir.Ct. 2001). At the hearing, the court, based on Price, dismissed the case against Mr. Torres and discharged him because it found that requiring counseling as a condition of pretrial release constituted a penalty that could only be imposed upon conviction. The court explained that to then subject him to trial and expose him to further punishment should he be convicted would violate the prohibition against double jeopardy. Claiming that no double jeopardy *295 violation has occurred in this case, the State appealed.
ANALYSIS
Both the United States Constitution and the Constitution of the State of Florida contain a Double Jeopardy Clause. U.S. Const, amend. V; art. I, § 9, Fla. Const. The policy and purpose of the constitutional protection afforded by the Double Jeopardy Clause is clear: the Framers believed that the government, with its overwhelming resources and power, should not be permitted to make multiple attempts to convict a person for an alleged offense. Such repeated prosecutions expose the accused to embarrassment, expense, and the suffering that flows from living in a continuing state of apprehension and insecurity. Green v. United States, 355 U.S. 184, 187, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). Thus, this constitutional protection “was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.” Id; see also Serfass v. United States, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975).
“The scope of the Double Jeopardy Clause is the same in both the federal and Florida Constitutions.” Trotter v. State, 825 So.2d 362, 365 (Fla.2002). Three basic protections emanate from these constitutional provisions. The Double Jeopardy Clause “protects against a second prosecution for the same offense following an acquittal, against a second prosecution for the same offense after a conviction, and against multiple punishments.” Rodriguez v. State, 875 So.2d 642, 644 (Fla. 2d DCA 2004) (citing North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969)); see also State v. Wilson, 680 So.2d 411, 413 (Fla.1996). To determine whether a constitutional violation occurred, we must answer two questions: whether jeopardy attached at the hearing when the, court imposed the counseling condition and whether the condition imposed at that hearing constituted punishment within the meaning of the Double Jeopardy Clause.
As to the first question, the record shows that the case against Mr. Torres was dismissed on double jeopardy grounds before trial was ever begun. In Serfass, the United, States Supreme Court considered whether the dismissal of an indictment before trial on double jeopardy grounds was appropriate. The Court observed that it “has consistently adhered to the view that jeopardy does not attach, and the constitutional prohibition can have no application, until a defendant is ‘put to trial before the trier of facts, whether the trier be a jury or a judge.’ ” 420 U.S. at 388, 95 S.Ct. 1055 (restating the law that in a jury trial, jeopardy attaches when the jury is empaneled and sworn; in the case of a bench trial, when the court begins to hear evidence). Mr. Torres has not been put to a trial before either a jury or a judge so jeopardy could not have attached at the first appearance hearing when the counseling condition was imposed. It is a “fundamental principle that an accused must suffer jeopardy before he can suffer double jeopardy.” Id. at 393, 95 S.Ct. 1055. Because jeopardy had not yet attached in the case against Mr. Torres when the trial court dismissed the charge, and he has not yet been either acquitted or convicted of a crime, the first two protections afforded by the Double Jeopardy Clause are not implicated here. See also United States v. Warneke, 199 F.3d 906, 908 (7th Cir.1999) (holding that “[pjretrial detention does not trigger the attachment of ‘jeopardy’ so as to invoke the protection of the Double Jeopardy Clause”).
*296 The next question is whether the pretrial release condition that he submit to an'evaluation and attend certain sex offender counseling sessions under the authority of section 948.03(4), Florida Statutes (2002), constitutes a punishment within the meaning of the Double Jeopardy Clause, so that if he were subsequently convicted and further punished, he would have suffered multiple punishments. We hold that the pretrial condition imposed does not constitute punishment.
Mr. Torres argues that section 948.03(4) does not provide statutory authority for the court to impose sex offender counseling as a pretrial release condition. We agree. The statute expressly applies only to a probationer or an offender in community control, a person who has 'been convicted.[3] At the time the court imposed the condition, Mr. Torres was neither on probation nor under community control. The trial court was thus correct to grant the defense motion to strike that condition requiring Mr. Torres to undergo counseling. However, the improper imposition of a pretrial release condition, particularly where, as here, it is of short duration and limited impact, does not necessarily rise to the level of a punishment.
Generally, conditions of pretrial release, when the accused is still presumed innocent, are imposed to insure that the defendant will refrain from criminal activity and from contact with the victim except through pretrial discovery. § 903.047, Fla. Stat. (2002). The purpose of a bail bond or recognizance bond is to insure the presence of the defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant. § 903.046, Fla. Stat. (2002). At the stage of the proceedings when the court is considering pretrial release or detention, the court is not engaged in a determination óf guilt or punishment. See Warneke, 199 F.3d at 908 (holding that pretrial detention is remedial, not punitive). Like pretrial detention, conditional pretrial release is, even more so, remedial and not punitive. Therefore, for purposes of the Double Jeopardy Clause, conditional pretrial release cannot be considered punishment.[4]
In sum, we hold that the first appearance hearing at which the order for counseling was entered was not a stage that triggered jeopardy, and the pretrial order entered at that first appearance hearing requiring Mr. Torres to undergo counseling did not constitute punishment under the Double Jeopardy Clause of the United States or Florida Constitutions. In reaching this conclusion, we have found persuasive and agree with the reasoning expressed in Halikipoulos v. Dillon, 139 F.Supp.2d 312 (E.D.N.Y.2001) (finding that a pretrial release condition requiring a defendant accused of shoplifting to pay for and participate in a one-day program designed as a “remediation and education *297 program for beginning shoplifters” did not constitute a violation of double jeopardy).[5]
Reversed and remanded with instructions to reinstate the charge and for further proceedings.
KELLY and WALLACE, JJ„ Concur.

. The transcript of the first appearance hearing and the written order for pretrial release both suggest that the court did not order counseling, but rather an evaluation. Because the trial court's dismissal of the case was based on the court’s determination that it had, in fact, imposed counseling as a condition of pretrial release, our disposition of this case is based on that fact.

. The court's belief was based on an opinion that the circuit court sitting in its appellate capacity had issued in consolidated DUI cases where the defendants before conviction had been ordered to undergo psychological evaluation and attend a substance abuse course conducted by a state-approved DUI school, as provided in section 316.193(5), Florida Statutes (2001). State v. Price, 8 Fla. L. Weekly Supp. 617 (Fla. 20th Cir.Ct.2001). Because section 316.193(5) imposed conditions of evaluation and treatment upon conviction, the circuit court’s appellate panel affirmed the trial courts' dismissals on double jeopardy grounds. The State did not seek further review of State v. Price.

. Section 948.03(4), Florida Statutes (2002), provides:
The court shall require a diagnosis and evaluation to determine the need of a probationer or offender in community control for treatment. If the court determines that a need therefor is established by such diagnosis and evaluation process, the court shall require outpatient counseling as a term or condition of probation or community control for any person who was found guilty of any of the following, or whose plea of guilty or nolo contendere to any of the following was accepted by the court:
(a) Lewd or lascivious battery....

. If a pretrial release condition is excessive in relation to its nonpunitive purpose, it may amount to a due process violation. See Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).

. Although the case is not before us, we note that our disposition here implicitly disapproves of the reasoning on the double jeopardy issue expressed in State v. Price.