KELLY, Judge.
Morley Parent petitions this court to review by way of certiorari the circuit court’s order denying his petition for a writ of prohibition. He argues that the imposition of special conditions of pretrial release bars further prosecution of his case under double jeopardy principles prohibiting multiple penalties for the same offense. We deny the petition for writ of certiorari because the trial court did not depart from the essential requirements of the law in allowing the prosecution of Parent’s case to proceed.
Parent was charged in county court with driving under the influence of alcohol, possession of marijuana, and possession of paraphernalia. The standard bond amounts for these charges total $720. At first appearance, the county court set Parent’s bail at $100 and ordered that he be placed on supervised pretrial release with the special conditions that he report by telephone three times per week, consume no alcohol or drugs, submit to random urinalysis for the detection of drugs or alcohol, and attend three meetings of a substance abuse program per week. Parent did not object to these conditions.
Parent filed a motion to dismiss the charges, asserting that the Florida Rules of Criminal Procedure did not authorize the conditions imposed at first appearance. He argued that, because the conditions amounted to a penalty, the State was precluded from seeking a second penalty in the prosecution of his case on double jeopardy grounds.
After a hearing, the county court entered a written order denying Parent’s motion to dismiss, finding that the conditions imposed were reasonably designed to protect the community from risk of physical harm and to assure the integrity of the judicial process. The court found that the condition that Parent use no drugs was authorized by section 903.047(l)(a), Florida Statutes (2003), and that the requirement that Parent attend AA or NA meetings *600 was not punishment, but merely “a means to help the defendant comply with the prior conditions that he consume no alcohol or drugs.”
Parent filed a petition for writ of prohibition in the circuit court seeking to prohibit the county court from continuing with the prosecution, which the circuit court denied. Parent then filed a petition for writ of certiorari in this court.
We recently addressed the imposition of pretrial release conditions in State v. Torres, 890 So.2d 292 (Fla. 2d DCA Dec. 8, 2004) (holding that the imposition of reasonable pretrial release conditions does not constitute punishment for purposes of the Double Jeopardy Clause). For the reasons discussed in Torres, we hold that the circuit court did not depart from the essential requirements of the law in allowing the prosecution of Parent’s case to continue in county court. Accordingly, we deny the petition.
ALTENBERND, C.J., and STRINGER, J., concur.