NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CHARLES ANDREW HUTTO,              )
                                   )
            Petitioner,            )
                                   )
v.                                 )          Case No. 2D14-5588
                                   )
STATE OF FLORIDA,                  )
                                   )
            Respondent.            )
_____)

Opinion filed May 22, 2015.

Petition for Writ of Prohibition to the
Circuit Court for Pasco County;
Mary M. Handsel, Judge.

Wm. Newt Hudson of Law Office of
Wm. Newt Hudson, Tarpon Springs,
for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Bilal A. Faruqui,
Assistant Attorney General, Tampa,
for Respondent.


CASANUEVA, Judge.

        Charles Andrew Hutto petitions this court for a writ of prohibition seeking

to prevent the circuit court from trying him for an offense for which he has previously

been placed in jeopardy.  We grant his petition.

        An officer of the New Port Richey Police Department issued Mr. Hutto a

Pasco County ordinance citation charging him with possession of illicit synthetic drugs

in violation of section 66-62 of ordinance 12-23 of the Pasco County Code of Ordinances.  Mr. Hutto asserts, and the State does not dispute, that the substance he possessed was synthetic marijuana.  The citation advised Mr. Hutto that he had to either pay the citation or appear for arraignment at the West Pasco Judicial Center at a specified time on a specified date.  Mr. Hutto signed the citation, thereby pleading guilty or no contest,[1] and paid the fine of $513.  The State then filed an information charging him with possession of a controlled substance in violation of section 893.13(6)(a), Florida Statutes (2014), based on the exact same substance he had previously pleaded guilty to possessing.  Mr. Hutto moved to dismiss the information under Florida Rule of Criminal Procedure 3.190(c)(2), alleging a double jeopardy violation, but the circuit court denied his motion.  He now challenges the circuit court's jurisdiction based on the Double Jeopardy Clause in the Fifth Amendment to the United States Constitution and the Double Jeopardy Clause in article I, section 9, of the Florida Constitution.  See In Interest of A.P., 636 So. 2d 790, 790 (Fla. 4th DCA 1994) (stating that prohibition is the appropriate vehicle to challenge a trial court's jurisdiction based on a double jeopardy violation).

Double jeopardy violations based on undisputed facts are reviewed de novo.  Pizzo v. State, 945 So. 2d 1203, 1206 (Fla. 2006).  "The most familiar concept of the term 'double jeopardy' is that the Constitution prohibits subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense."  Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009).  Each Double Jeopardy Clause

---

[1]Pasco County, Fla., Code of Ordinances, § 1-11(g)(1) (2014).

prohibits a second prosecution after a conviction. <u>State v. Torres</u>, 890 So. 2d 292, 295 (Fla. 2d DCA 2004).

As a preliminary matter, we must determine whether the State can be found to have brought both prosecutions. <u>See</u> <u>Waller v. Florida</u>, 397 U.S. 387, 394-95 (1970) (abolishing the dual sovereignty doctrine and holding that double jeopardy prohibited Waller's prosecution in Florida circuit court for grand larceny based on the same acts that formed the basis of his prosecution in municipal court for ordinance violations). Counties, which are political subdivisions of the state, are not sovereign entities; " '[r]ather, they have been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions.' " <u>Id.</u> at 392 (quoting <u>Reynolds v. Sims</u>, 377 U.S. 533, 575 (1964)). Thus, for purposes of each Double Jeopardy Clause in this case, there is but one sovereign that initiated the prosecutions of Mr. Hutto.

Next, we must determine if criminal prosecutions are at issue because double jeopardy "protects only against the imposition of multiple <u>criminal</u> punishments for the same offense." <u>Hudson v. United States</u>, 522 U.S. 93, 99 (1997). "Whether a particular punishment is criminal or civil is, at least initially, a matter of statutory construction. A court must first ask whether the legislature, 'in establishing the penalizing mechanism, indicated either expressly or impliedly a preference for one label or the other.' " <u>Id.</u> (citation omitted) (quoting <u>United States v. Ward</u>, 448 U.S. 242, 248 (1980)). In addition, courts must evaluate the double jeopardy issue in relation to the law on its face, not as it has been applied to a particular individual. <u>Id.</u> at 100; <u>see also</u> <u>Seling v. Young</u>, 531 U.S. 250, 262 (2001) (noting that in <u>Hudson</u>, the Court "expressly

- 3 -

disapproved of evaluating the civil nature of an Act by reference to the effect that Act has on a single individual").  " '[O]nly the clearest proof' will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." Hudson, 522 U.S. at 100 (quoting Ward, 448 U.S. at 249).

Section 1-11 of the Pasco County Code of Ordinances contains provisions regarding enforcement of ordinance violations.  While section 1-11(c)(5) provides that "[e]ach violation of a code or ordinance shall be a separate civil infraction," section 1-11(c)(3) provides that ordinance violations "shall be prosecuted in the same manner as a misdemeanor" and section 1-11(c)(4) provides that "[t]he maximum penalty for such a civil infraction shall not exceed $500.00 per violation plus all applicable costs or by imprisonment in the county jail not to exceed 60 days or both a fine and imprisonment."  Consistent with the Code's requirement that violations be prosecuted as misdemeanors, the maximum term of imprisonment is the same maximum term provided for second-degree misdemeanors in the Florida Statutes.  See § 775.082(4)(b), Fla. Stat. (2014).  While the Code calls violations civil infractions, that label cannot erase the fact that one who violates a provision of the Code faces a potential term of incarceration in county jail, i.e., a criminal penalty.

It is undisputed that the circuit court case against Mr. Hutto is criminal in nature as the State commenced it by filing an information charging him with the third-degree felony of possession of a controlled substance.

Having established that both prosecutions are criminal, we must now apply the Blockburger[2] test to determine if the offenses with which Mr. Hutto was

---

[2]Blockburger v. United States, 284 U.S. 299 (1932).

charged are separate. See § 775.021(4)(a) (codifying the Blockburger test: "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial"). Standard jury instruction 25.7 for a violation of section 893.13(6)(a) states as follows:

> To prove the crime of [possession of a controlled substance], the State must prove the following three elements beyond a reasonable doubt:
>
> 1. [Defendant] possessed a certain substance.
> 2. The substance was (specific substance alleged).
> 3. [Defendant] had knowledge of the presence of the substance.

Section 66-62 states in pertinent part: "It is unlawful for any person to possess, provide, sell or distribute, within the incorporated or unincorporated area of Pasco County, any illicit synthetic drug as defined in this division." Section 66-61(e) defines "illicit synthetic drugs" as including synthetic marijuana. We note that while subsection 66-62(a) contains "[f]actors that may be disregarded and/or considered in determining violation," those factors are not elements of the offense; they are methods of proving the offense.

As can be seen, both section 893.13(6)(a) and section 66-62 require possession of the synthetic marijuana at issue in this case, but section 66-62 does not require knowledge of the presence of the illicit synthetic drug like section 893.13(6)(a) does. We do not view this difference as creating separate offenses, however, because if section 66-62 were a criminal offense set forth in the Florida Statutes, it would be subsumed within the offense of possession of a controlled substance, similar to a lesser included offense. See Sanders v. State, 944 So. 2d 203, 206 (Fla. 2006) (defining necessarily lesser included offenses as "those offenses in which the statutory elements of the lesser included offense are always subsumed within those of the charged

offense"); see also § 775.021(4)(b)(2) (providing that the legislature does not intend for separate sentencing for "[o]ffenses which are degrees of the same offense as provided by statute").  Thus, under the Blockburger test, Mr. Hutto cannot also be tried for possession of a controlled substance under section 893.13(6)(a).

Accordingly, the State's prosecution of Mr. Hutto for possession of a controlled substance based on the same substance that formed the basis of his conviction for violating the Pasco County Code of Ordinances violates his right not to be twice placed in jeopardy for the same offense.  We grant Mr. Hutto's petition for writ of prohibition and direct the trial court to vacate its previous order and dismiss the information filed against Mr. Hutto.

Petition granted.


SILBERMAN and SLEET, JJ., Concur.